IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )       2:25cr216-MHT
                            )           (WO)
SAMUEL CORNELIUS GREEN      )
```

ORDER

This cause is before the court on the motion to continue trial filed by defendant Samuel Cornelius Green.  For the reasons set forth below, the court finds that jury selection and trial, now set for August 11, 2025, should be continued pursuant to 18 U.S.C. § 3161(h)(7)(A).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or

>from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any period of delay stemming from a continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the

interest of the public and Samuel Cornelius Green in a speedy trial. Defendant asserts that he would like to be represented by William M. Espy and Benjamin J. Espy. While they would be willing to represent defendant, the attorneys have a scheduling conflict on the currently set trial date of August 11, 2025. And so, they would be able to represent the defendant only if the trial date is continued for at least 30 days. Correspondingly, the court finds that additional time is necessary to ensure that defendant may obtain counsel of his choice, and that said counsel can provide adequate representation to the defendant. *See United States v. Studnicka*, 777 F.2d 652, 658 & n.20 (11th Cir. 1985) (concluding that providing defendant the opportunity to obtain his counsel of choice serves the ends of justice). Also, the government does not oppose a continuance.

***

Accordingly, it is ORDERED as follows:

(1) The unopposed motion to continue trial (Doc. 53) is granted.

(2) The jury selection and trial, now set for August 11, 2025, are continued to October 27, 2025, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall reset the change-of-plea and other pretrial deadlines as necessary.

DONE, this the 22nd day of April, 2025.

    /s/ Myron H. Thompson
    **UNITED STATES DISTRICT JUDGE**