IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25cr216-MHT |
| | ) | (WO) |
| SAMUEL CORNELIUS GREEN | ) | |

**<u>PRELIMINARY ORDER OF FORFEITURE</u>**

Now pending before the court is the government's motion for a preliminary order of forfeiture filed on October 9, 2025, which defense counsel has orally confirmed is unopposed.

The government gave notice to the defendant in the indictment (Doc. 1) that it would seek the forfeiture of any property constituting, or derived from, proceeds the person obtained directly or indirectly, and all property, real or personal, involved in or traceable to such property as a result of the offenses in violation of 18 U.S.C. §§ 1343, 1349, and 1956(a)(l)(B)(i) and (h). The defendant consents to the forfeiture. *See* Plea Agreement (Doc. 97) at pp. 9-12, ¶¶ 29-35.

Accordingly, it is ORDERED that the government's motion for a preliminary order of forfeiture (Doc. 104) is granted as follows:

1.  As a result of the guilty plea to counts 8, 10, 12, and 14 of the indictment, the defendant shall forfeit to the government, pursuant to 18 U.S.C. § 982(a), any property constituting, or derived from, proceeds the person obtained directly or indirectly as a result of the offenses in violation of 18 U.S.C. §§ 1343 and 1349.

2.  Based on the terms of the plea agreement (Doc. 97) and the defendant's lack of opposition to the government's motion, the court has determined that the following property is subject to forfeiture pursuant to 18 U.S.C. § 982(a); that the defendant has an interest in such property; and that the government has established the requisite nexus between such property and

such offenses:

  a) Certain real property and premises located at 870 Co. Rd. 2208, Troy, AL 36079, with all appurtenances and improvements thereon, more particularly described as follows: Parcel 1**:** Beginning at an old iron pin known as the northeast corner of the SE 1/4 of the NW 1/4 of Section 11, T9N, R20E, Pike County, Alabama; thence North 86° 50' East for 53.8 feet to the point of beginning; thence North 86°24' East for 137.08 feet to an iron pin; thence South 43°01'29" East for 316.88 feet to an iron pin; thence South 41° 50' West for 105.65 feet to an iron pin; thence North 43° 07' West for 413.40 feet to the point of beginning, containing 0.88 acres more or less, and lying in Section 11, T9N, R20E, Pike County, Alabama. Parcel 2: A lot or parcel of land lying in the SE 1/4 of the NW 1/4 of Section 11, T9N, R20E, Pike County, Alabama, being more particularly described as follows: Commencing at a point which is 872.8 feet South 64° 54' West of the Northeast corner of the SE 1/4 of the NW 1/4, Section 11, said point being the Northeast corner of lot of Warren Barron; thence running South 41° 50' West 210.0 feet to the north right of way of the highway from U.S. Highway 29 to the Henderson Highway; thence North 45°05' West 361.2 feet along said highway; thence North 80° 19' East 80.11 feet; thence North 5°49' West 187.8 feet; thence North 86° 50' East 53.8 feet; thence South 43°07' East 413.4 feet to the point of beginning, containing 1.9 acres more or less.

  b) Certain real property and premises located at 105 Fox St, Troy, AL 36081, with all appurtenances and improvements thereon, more particularly described as follows: Lot No. 25, according to the Plat of Henderson Lake Subdivision #2, as recorded in the Office of the Judge of Probate, Pike County, Alabama, in Map Book 2 at page 96.

  c) Certain real property and premises located at 1587 Co Rd 7714, Troy, AL 36081, with all appurtenances and improvements thereon, more particularly described as follows:

A lot or parcel of land lying on the west side of the old Montgomery Highway in the Northeast quarter of the Southwest quarter, Section 25, Township 11 North, Range 20 East, Pike County, Alabama, being more particularly described as follows: Commencing at a point on the west right of way of said highway (60 feet from centerline), said point being 311.0 feet Southerly along said right of way from the point of intersection of said right of way and the north line of the said Northeast quarter of the Southwest quarter; running thence along said right of way South 9° 25' East 210.0 feet thence South 80° 35' West 210.0 feet; thence North 9° 25' West 210.0 feet; thence North 80° 35' East 210.0 feet to the point of beginning, containing 1.0 acres more or less. Also a water easement to adjoining property being 5 feet on each side of the following described centerline: Commencing at a point on the north line of said lot, said point being 87 feet Northeasterly from the northwest corner; running thence North 19° 34' West 314 feet to the center of existing well.

3. Upon entry of this order, the United States Attorney General is authorized to seize the above-listed property and conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture in accordance with Federal Rule of Criminal Procedure 32.2(b)(3).

4. Upon entry of this order, the United States Attorney General is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this order.

5. The government shall publish notice of this order and of its intent to dispose of the property in such a manner as the United States Attorney General may direct. The government may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

6. Any person, other than the above-named defendant, asserting a legal interest in the subject property may, within 30 days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the subject property, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c), which incorporates 21 U.S.C. § 853(n)(6).

7. Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the subject property; and any additional facts supporting the petitioner's claim and the relief sought.

8. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9. The government shall have clear title to the subject property following the court's disposition of all third-party interests, or, if no such petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 28 U.S.C. § 2461(c), for the filing of third-party petitions.

10. The court shall retain jurisdiction to enforce this order and to amend it as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e).

11. The clerk of court shall note entry of the forfeiture in writing on the judgment.

DONE, this the 9th day of October, 2025.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE